**Jiwan CHAND, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73322.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Jiwan Chand, a native and a citizen of Fiji, petitions for review of a decision of the Board of Immigration Appeals, affirming without opinion the immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Pursuant to 8 C.F.R. § 1003.1(e)(4)(ii) we review the IJ's determinations as the final agency decision. We review the IJ's determinations under a substantial evidence standard. *See Andriasian v. INS*, 180

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1033, 1040 (9th Cir.1999). We deny Chand's petition.

 Severe economic disabilities can rise to the level of persecution. *See Gonzalez v. INS,* 82 F.3d 903, 910 (9th Cir.1996). Chand's claimed economic disabilities do not. His testimony suggests only that he has had difficulty in obtaining a government job. Economic persecution requires something more. *Compare Korablina v. INS,* 158 F.3d 1038, 1045 (9th Cir.1998) (finding economic persecution where petitioner lost multiple jobs on account of anti-Semitism and faced severe career obstacles) *with Khourassany v. INS,* 208 F.3d 1096, 1101 (9th Cir.2000) (finding no economic persecution where one of petitioner's businesses was closed but others continued to operate).

Chand has not succeeded in demonstrating that the beating he testified he received was on account of one of the statutorily protected grounds. In his testimony he only speculates as to his attackers' motive. Chand also acknowledges that his attackers were not government agents and only speculates that the Fijian government was unable or unwilling to respond.

Furthermore, members of Chand's family still remain in Fiji. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident. . . ."). In addition, Chand did not attempt to leave Fiji for more than three years after the beating. *Singh v. INS,* 134 F.3d 962, 969 (9th Cir.1998) (waiting five years to leave Fiji undercuts a finding of an objective fear of persecution). Therefore substantial evidence supports the IJ's findings that Chand did not qualify for asylum.

In failing to qualify for asylum, Chand necessarily did not qualify for withholding of removal, given its more exacting standard. *See Ghaly v. INS,* 58 F.3d 1425, 1428–29 (9th Cir.1995). Because Chand did not show that it is more likely than not that he would be tortured upon return to Fiji, Chand also did not qualify for protection under the Convention Against Torture. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**